IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL F. DeVRIES,<br><br>     Petitioner,<br><br>  vs.<br><br>MATTHEW CATE,[1] Secretary, California Department of Corrections and Rehabilitation,<br><br>     Respondent. | No. 2:08-cv-00810-JKS<br><br>MEMORANDUM DECISION |

  Michael F. DeVries, a state parolee appearing *pro se*, filed a Petition for Habeas Corpus Relief under 28 U.S.C. § 2254. DeVries is currently in the custody of the California Department of Corrections and Rehabilitation on parole. Respondent has answered, and DeVries has replied. DeVries challenges the decision of the Governor reversing the decision of the California Board of Parole Hearings ("Board") that granted him parole. DeVries does not challenge his conviction or sentence in this proceeding.

I.  BACKGROUND/PRIOR PROCEEDINGS

  Following his conviction for Murder in the Second Degree (Cal. Penal Code § 187) with a use of firearm enhancement (Cal. Penal Code § 12022.5) May 23, 1986, DeVries was sentenced to an indeterminate prison term of from 17 years to life. In April 2007 the Governor

---

[1] Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, is substituted for Claude E. Finn, Warden, Deuel Vocational Institution, and Arnold Schwarzenegger, Governor.  Fed. R. Civ. P. 25(d).

reversed the decision of the Board finding DeVries suitable for parole. DeVries timely filed a petition for habeas corpus relief in the Alameda County Superior Court, which was denied in an unreported, reasoned decision. DeVries's subsequent petition for habeas relief to the California Court of Appeal was summarily denied without opinion or citation to authority, and the California Supreme Court summarily denied review on March 26, 2008. DeVries timely filed his Petition for relief in this Court on April 8, 2008.

While this case was pending, the Court of Appeals for the Ninth Circuit handed down its decision in *Hayward v. Marshall*.[2] This Court ordered the parties to file supplemental briefing addressing the impact of *Hayward* on this case.[3] Petitioner filed a supplemental brief and requested appointment of counsel.[4] Respondent has filed a supplemental brief.[5] Both parties have indicated that DeVries has been released on parole.

## II.  GROUNDS RAISED/AFFIRMATIVE DEFENSES

In his Petition, DeVries raises seven grounds. In his first, second, third, fourth and sixth grounds, DeVries contends that the Governor: (1) improperly relied on the gravity of DeVries's underlying commitment offense; (2) considered facts that were not before the Board or established by the record; (3) failed to consider all the relevant facts; (4) misapplied the relevant provisions of the California Penal Code; and (6) denied him the right to counsel during the Governor's review process. In his fifth ground, DeVries contends that the Board adopted a "one-

---

[2] 603 F.3d 546 (9th Cir. 2010) (en banc).

[3] Docket No. 14.

[4] Docket No. 18.

[5] Docket No. 19.

year-parole denial" policy in scheduling his subsequent parole suitability hearing date contrary to California law.  In his seventh ground, DeVries contends that the adoption of California Penal Code § 3041.2 (providing for gubernatorial review of Board decisions) violated the *Ex Post Facto* Clause of the United States Constitution.  Respondent contends that DeVries's second ground is procedurally barred.  Respondent raises no other affirmative defense.[6]

### III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[7]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[8]  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[9]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court

---

[6] *See* Rules—Section 2254 Cases, Rule 5(b).

[7] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[8] *Williams*, 529 U.S. at 412.

[9] *Early v. Packer*, 537 U.S. 3, 10 (2002).

'unreasonabl[y] appli[ed] clearly established Federal law.'"[10] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[11] The Supreme Court has made clear that the objectively-unreasonable standard is a substantially higher threshold than simply believing that the state court determination was incorrect.[12] "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[13] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[14]

In applying this standard, this Court reviews the last reasoned decision by the state court.[15] State appellate court decisions that affirm a lower court's opinion without explanation

---

[10] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[11] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[12] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[13] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[14] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[15] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

are presumed to have adopted the reasoning of the lower court.[16] Under California's unique habeas procedure, a defendant who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal. If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.[17] This is considered as the functional equivalent of the appeal process.[18]

## IV.  DISCUSSION

**A.    Appointment of Counsel**

At Docket No. 18, DeVries has requested appointment of counsel. There is no constitutional right to counsel in federal habeas proceedings.[19] Appointment of counsel is not required in a habeas corpus proceeding in the absence of an order granting discovery or an evidentiary hearing.[20] This Court may appoint counsel under the Criminal Justice Act in this case if the Court determines that the interests of justice so require.[21] This Court does not so determine.

---

[16] *Ylst*, 501 U.S. at 802-03.

[17] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002).

[18] *Id.* at 222.

[19] *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991).

[20] *See* Rules—Section 2254 Cases, Rules 6(a), 8(c).

[21] 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); *see Weygandt v. Look*, 728 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.").

B.   **Merits**

After the parties filed their supplemental briefing, the United States Supreme Court decided *Swarthout v. Cooke*.[22] This Court must decide the case on the law as it exists at the time this Court renders its decision; and, if controlling law changes while the case is pending, this Court applies the law as changed.[23] Thus, *Cooke* forecloses DeVries's arguments *vis-a-vis* the "some evidence" rule, a requirement of California law, as well as DeVries's other arguments to the extent they are based upon alleged violations of California law.

Generally, when a higher court issues new controlling authority after briefing is complete, this Court requests further briefing from the parties addressing the new authority. The Supreme Court decision in *Cooke* is so clear that further briefing would unduly prolong this case without any possibility of changing the result. The Supreme Court has limited federal habeas review to the procedures followed by the board and the governor and defined what it meant by the applicable procedures. No longer may this Court consider how the California courts applied California law. Under these circumstances further briefing would not aid the Court in reaching a decision.

It is well-established by Supreme Court precedent that there is no constitutional or inherent right of a convicted person to be conditionally released on parole before expiration of a sentence.[24] That a California prisoner has a liberty interest in parole protected by the procedural

---

[22] 562 U.S. ___, 131 S. Ct. 859 (2011) (per curiam).

[23] *See Thorpe v. Housing Authority of City of Durham*, 393 U.S. 268, 281-82 (1969); *Lambert v. Blodgett*, 393 F.3d 943, 973 n.21 (9th Cir. 2004).

[24] *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

safeguards of the Due Process Clause of the Fourteenth Amendment is settled.[25] Because the only federal right at issue in this case is procedural, the relevant inquiry is whether DeVries received due process.[26] The Constitution only requires that a prisoner be allowed an opportunity to be heard and be provided with a statement of the reasons why a parole is denied, nothing more.[27] In his first five grounds, DeVries contends that the decision of the Governor was contrary to California law, including being unsupported by "some evidence," also a requirement of California law.[28] "[I]t is of no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied."[29] California prisoners are allowed to speak at their parole hearings and to contest the evidence against them, they are afforded access to their records in advance, and are notified of the reasons why parole is denied. That is all that due process requires.[30] "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."[31] The Supreme Court has yet to hold that a prisoner has a

---

[25] *Hayward v. Marshall*, 603 F.3d 546, 561-64 (9th Cir. 2010) (en banc), *overruled sub silentio on another point by Cooke, supra*; *see Pearson v. Muntz*, 606 F.3d 606, 608 (9th Cir. 2010) (per curiam), *overruled sub silentio on another point by Cooke, supra*.

[26] *See Cooke*, 562 U.S. at ___, 131 S. Ct. at 861.

[27] *Id.* at ___, 131 S. Ct. 862 (citing *Greenholtz*, 442 U.S. at 16).

[28] *See in re Lawrence*, 190 P.3d 535 (Cal. 2008); *In re Shaputis*, 190 P.3d 573 (Cal. 2008).

[29] *Cooke*, 562 U.S. at ___, 131 S. Ct. at 863.

[30] *Id.* at ___, 131 S. Ct. at 862.

[31] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)) (internal quotation marks omitted); *see Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

constitutional right to counsel at a parole hearing. Thus, with respect to his first six grounds, in light of *Cooke*, DeVries has failed to establish a wrong of constitutional dimension.

*Cooke* does not, however, dispose of DeVries's seventh ground, that the grant of gubernatorial veto power over Board decisions violates the *Ex Post Facto* Clause. In rejecting DeVries's *ex post facto* argument, the Alameda Superior Court held:

> *The Ex Post Facto Claim Lacks Merit*
> Lastly, Petitioner's claim that the Governor's reversal violates the prohibition of ex *post facto* application of the law fails to state a prima facie case for relief. Our Supreme Court's decision in *Rosenkrantz* rejected this very argument. (*Rosenkrantz, supra,* 29 Cal.4th at p. 636-652.)[32]

In *Garner*, the Supreme Court made clear that retroactive changes to a state's parole laws may, in some instances, be violative of the *Ex Post Facto* Clause.[33] In order to establish an *ex post facto* violation based on a state's retroactive application of a parole statute, a prisoner must demonstrate that the new statute "creates a significant risk of prolonging [the prisoner's] incarceration."[34] However, a change in the law that does nothing more than alter the method of granting parole under identical substantive standards does not implicate the *Ex Post Facto* Clause.[35] In *Rosenkrantz*, the California Supreme Court rejected an *ex post facto* challenge to the application of the 1968 amendment to the California constitution, holding:

> Furthermore, article V, section 8(b), did not make any changes in the substantive standard that governs the determination of petitioner's suitability for parole;

---

[32] Docket 7-4, p. 7.

[33] *Garner v. Jones*, 529 U.S. 244, 250 (2000) (citing *Lynce v. Mathis*, 519 U.S. 433, 445-46 (1997)).

[34] *Id*.

[35] *See California Dept. of Corrections v. Morales*, 514 U.S. 499, 507-08 (1995) (holding that a change to allowing the Board to increase the time between reviews did not violate the *Ex Post Facto* Clause).

indeed, article V, section 8(b), explicitly provides that the Governor, in reviewing the parole board's decision, is to apply *the same factors as the Board.* The only change effected by article V, section 8(b), is the institution of an additional level of discretionary review of the Board's decision granting or denying parole, resulting merely in a change in the identity of the entity or official within the executive branch that may make the ultimate decision on parole. Prior to the adoption of article V, section 8(b), the only reasonable expectation that an individual in petitioner's position would have had with regard to punishment was that he or she would receive a sentence of 15 years to life imprisonment and that, after serving the minimum term, he or she would be entitled to have a public official exercise discretion with regard to his or her suitability for parole under then existing standards. Such an individual in petitioner's position had no reasonable expectation regarding the identity of the person or persons who would exercise discretion in evaluating his or her suitability for parole, or that the person or persons who would make such a decision would not change over time. Accordingly, under the ordinary meaning of the controlling language in *Collins,* it appears clear that the application of the procedure set forth in article V, section 8(b), to an individual who committed a criminal offense prior to its enactment does not *increase the punishment* for such crime.[36]

*Ex post facto* analysis of a facially-neutral parole law requires a case-specific, fact-intensive analysis regarding the risk posed by the law to the particular prisoner challenging its application.[37] The Supreme Court has also noted that the possibility of immediate release is largely "theoretical" because, in many cases, a prisoner's release date comes at least several years after a finding of suitability.[38] Thus, the question before this Court is whether the decision of the California Supreme Court in *Rosenkrantz* was contrary to, or involved an unreasonable application of *Garner* and *Morales*, or constituted an unreasonable determination of the facts in

---

[36] 59 P.3d 174, 193 (Cal. 2002) (emphasis in the original). The cite to *Collins* refers to *Collins v. Youngblood*, 497 U.S. 37 (1990).

[37] *See, e.g., Garner*, 529 U.S. at 250 (prisoner "must show that as applied to *his own* sentence the law created a significant risk of increasing his punishment") (emphasis added).

[38] *Morales*, 514 U.S. at 513 (citing a finding by the California Supreme Court).

light of the evidence presented to it. It does not.[39] DeVries is not entitled to relief under his seventh ground.

## V.  CONCLUSION and ORDER

DeVries is not entitled to relief under any ground raised in his Petition. Accordingly,

**IT IS THEREFORE ORDERED THAT** DeVries's request for the appointment of Counsel is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[40] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[41]

The Clerk of the Court is to enter judgment accordingly.

Dated:  July 14, 2011.

/s/ James K. Singleton, Jr.<br>
JAMES K. SINGLETON, JR.<br>
United States District Judge

---

[39] *See Johnson v. Gomez*, 92 F.3d 964, 967 (9th Cir. 1996).

[40] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[41] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.